<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 19-2423

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| DAVID KENT CHAPLIN, | ) |
| Petitioner-Appellant, | ) |
| v. | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| CATHERINE S. BAUMAN, Warden, | ) |
| Respondent-Appellee. | ) |

FILED
Sep 18, 2020
DEBORAH S. HUNT, Clerk

O <u>R</u> D <u>E</u> R

Before: ROGERS, NALBANDIAN, and MURPHY, Circuit Judges.

David Kent Chaplin, a pro se Michigan prisoner, appeals a district court's judgment dismissing without prejudice his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Based on trial evidence that Chaplin had molested his step-daughter for approximately four years, a jury convicted him of criminal sexual conduct in the third and fourth degree. The trial court imposed a sentence of fifty-five months to fifteen years in prison. The Michigan Court of Appeals affirmed Chaplin's convictions. *People v. Chaplin*, No. 331190, 2017 WL 2130265, at *6 (Mich. Ct. App. May 16, 2017) (per curiam). The Michigan Supreme Court denied leave to appeal on March 5, 2018, *People v. Chaplin*, 907 N.W.2d 568 (Mich. 2018), and denied Chaplin's motion for reconsideration on May 1, 2018. *People v. Chaplin*, 910 N.W.2d 257 (Mich. 2018).

In his § 2254 petition, postmarked July 24, 2019, Chaplin primarily argued that: (1) the prosecutor committed misconduct by colluding with witnesses, failing to correct false testimony,

suppressing exculpatory testimony, and making inflammatory remarks in her closing argument, in violation of the Sixth and Fourteenth Amendments; (2) the trial judge exhibited bias and committed structural error through her rulings on objections and the admission of evidence and her failure to enforce an order directing the parties to refer to the victim as the complainant, in violation of the Sixth and Fourteenth Amendments; (3) trial counsel rendered ineffective assistance by failing to call character witnesses and others at trial, adequately cross-examine witnesses, object to perjury and other matters, make adequate objections, move to strike a prospective juror for cause, and object to judicial fact-finding that raised his minimum sentence, in violation of the Sixth Amendment; (4) appellate counsel rendered ineffective assistance by failing to raise most of the aforementioned issues on appeal, in violation of the Sixth Amendment; (5) the jury was not selected from a fair cross-section of the community, in violation of the Sixth Amendment; and (6) his right to a speedy trial was violated by the seventeen-month delay between the victim's initial contact with the police and the trial, in violation of the Sixth Amendment. Chaplin conceded that some issues were not exhausted, but he contended that he could not file a post-conviction petition because the state courts foiled his attempts to procure the necessary documents.

On July 30, 2019, the district court issued an order warning Chaplin that his action would be dismissed if he did not pay the $5.00 filing fee or submit an in forma pauperis ("IFP") motion within twenty-one days. When neither the filing fee nor an IFP motion was received, the court dismissed Chaplin's habeas petition without prejudice on September 13, 2019.

On October 3, 2019, Chaplin moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6), arguing that he had submitted the filing fee prior to the district court's first order. He attached copies of a prison disbursement authorization for the filing fee, showing a date-paid stamp of July 25, 2019, and his trust account statement, showing a filing fee disbursement on the same day. Chaplin explained that he had assumed that the district court had not received the fee by the time of its first order due to delays by the prison and postal service.

The district court denied Chaplin's Rule 60(b) motion, reasoning that it had not received the filing fee and that Chaplin bore the burden of ensuring compliance with the filing requirements.

The district court declined to issue a certificate of appealability ("COA"). This court granted a COA as to whether the district court erred by dismissing Chaplin's petition for failure to comply with its order.

In his timely appeal, Chaplin reasserts his claims and moves to supplement the record on appeal.

As an initial matter, Chaplin filed his Rule 60(b)(6) motion within twenty-eight days of the district court's judgment. Thus, we construe his motion as a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which brings up for review the underlying judgment. *See Peake v. First Nat'l Bank & Tr. Co.*, 717 F.2d 1016, 1019–20 (6th Cir. 1983) (applying former version of Rule 59(e) with ten-day limit). A district court may dismiss a civil action when a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b). We review the dismissal for an abuse of discretion. *See Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999).

> When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

"[D]ismissal without prejudice may be as harsh a remedy as dismissal with prejudice where, as here, the limitation period [has] ended" and a new habeas petition thus would be time-barred under 28 U.S.C. § 2244(d)(1)(A). *See In re Love*, 3 F. App'x 497, 498 (6th Cir. 2001). "[W]here the applicable statute of limitations probably bars further litigation, the district court's dismissal should be reviewed as if the dismissal had been with prejudice. *Curtis v. Quarterman*, 340 F. App'x 217, 218 (5th Cir. 2009). And dismissal with prejudice is a "sanction of last resort" and "should be imposed only if the court concludes that the party's failure to cooperate . . . was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994).

Although the district court did warn Chaplin that dismissal could result if he did not pay the filing fee or submit an IFP motion within twenty-one days, it does not appear that Chaplin acted willfully or in bad faith or engaged in dilatory conduct. He had attempted to pay the filing fee prior to the district court's deficiency order and filed relevant documents shortly after the dismissal of the action.[1] There was no prejudice to the respondent, who had not yet been served. And there was no significant or extensive delay involved in this case as the petition was dismissed less than two months after its filing. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001).

Accordingly, we conclude that the district court abused its discretion in dismissing the petition. We **VACATE** the district court's judgment and **REMAND** the action. We **DENY** Chaplin's motion to supplement the record.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

---

[1] And it's important to note that "[u]nder the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012). Other circuits have applied a similar rule to the required filing fee or IFP motion. For instance, in *Fuller v. Terry*, the district court dismissed a habeas petition because the petitioner failed to pay the filing fee or move for leave to proceed IFP within the magistrate judge's ordered timeline. 381 F. App'x 907, 908 (10th Cir. 2010). But the Tenth Circuit vacated the dismissal, reasoning that although the trial court had not *received* the petitioner's motion for IFP status by the ordered date, the petitioner's motion for IFP status was timely because it had been received *by the prison* before the ordered filing date. *Id.* So "[u]nder the prison mailbox rule," the petitioner had in fact complied with the ordered timeline. *Id.* So too here. Although the district court didn't receive Chaplin's filing fee by its stated deadline, Chaplin presents evidence of a filing fee disbursement—a trust account statement and a prison disbursement authorization—with a date prior to the district court's deadline.